*First Judicial District.*

## In the Court of Common Pleas of Philadelphia.

(*In Equity.*)

---

## DAVIS *v.* SOUDER.

A license to take away soil, sand, &c., and the guarantee having expended money on the faith of it, cannot be revoked.

Motion to continue special injunction.

Opinion delivered February 7, 1874, by

PAXSON, J. We do not attach much importance to the denial of plaintiff's title contained in the defendant's answer. It is not disputed that the plaintiff has the full equitable title to the seventeen lots in ques-

tion, and that the legal title is now in course of preparation. This is sufficient to give him a standing in a court of equity.

The defendant justifies his taking of the "soil, earth, gravel, sand and stone," from the said lots, under a license from the Fairhill Land Company, at that time the owner of said lots, and now the vendor of plaintiff. Said license bears date the 31st of March, 1873; is signed by Louis Wagner, as chairman of the committee on streets of the Fairhill Land Company, and authorised the plaintiff to "remove the surplus earth from the lots of the Fairhill Land Company, for the purpose of filling up Fifth street, and for no other purpose," &c.

The plaintiff contends that this is a mere license, without consideration; that it is revocable at the pleasure of the Fairhill Land Company, or by the plaintiff as the grantee of said company.

The general rule undoubtedly is, that a mere license may be revoked. There are exceptions, however, to this rule. One of those exceptions is, Where the person to whom the license is given, makes substantial improvements and expends money on the faith of such license, and with the knowledge of the person granting it. In such cases it has always been held that it would be inequitable to revoke it. "A license may become an agreement on a valuable consideration, as when the enjoyment of it must necessarily be preceded by the expenditure of money, and when the grantee has made improvements or invested capital in consequence of it, he has become a purchaser for a valuable consideration;" Rereck *v.* Kern, 14 S. & R. 267. In this case the defendant, at the time, contemplating entering into a contract with the city of Philadelphia, at a certain fixed price, to grade Fifth street, from Clearfield to Westmoreland street, proposed to the Fairhill Land Company to remove the surplus earth from certain of the lots of said company, and use the same in grading or filling up Fifth street, and the neighborhood of the said lots. He alleges that he would not have taken the contract at the price named therein, without the privilege of removing the earth aforesaid; that having obtained said license from the land company, he entered into said contract; has expended $1,500 in the purchase and employment of horses, carts, &c.; and that if said license should be revoked it would subject him to a heavy loss.

Practically, the removal of the earth will add to the value of the lots, as it reduces them to the city grade. The plaintiff alleges, however, that a large proportion of the substance to be removed is gravel, and worth much more than the costs of removing it; that the land company acted improvidently, and not with a proper regard to the interests of its stockholders when it gave this license.

If this be so it is no concern of this defendant. He was authorized to do what was, in one view, at least, a benefit to the company. On the faith of it, and with the knowledge of the company that he intended to do so, he entered into a contract with the city for filling up Fifth street,

and made a large expenditure in the purchase of horses, carts, &c. It would be against equity and good conscience to allow the land company now to revoke this license.

It was urged that the expenditure made by the defendant had not been upon the lots in question. While this is true in point of fact I do not see the force of the objection. In many of the cases cited by the learned counsel for the plaintiff, there had been expenditures upon the land charged with the license, as in boring for oil, or sinking shafts for coal and other minerals. Yet none of the cases rest upon the ground that the expenditures had been made *upon the land*. The principal is, that having induced or permitted the party to expend his money upon the faith of the license, it would be inequitable to revoke the license, and thus deprive him of the fruits of his expenditure. No better illustration of this can be found than in the leading case of Rerick *v.* Kern, before cited, where the plaintiff had erected a mill upon his own land upon the faith of a parol license to use the water from the defendant's property.

It was urged upon the argument that if the Fairhill Land Company cannot revoke this license, the plaintiff, as its vendee, may do so. This proposition assumes that the plaintiff is a bona fide purchaser without notice; whereas, the fact is undisputed in this case, that he is a stockholder in the said company, was one of the board of directors at the time this license was granted, and had actual personal knowledge thereof. He was part owner of these lots at the time of the grant, in the sense in which a stockholder of a corporation may be said to be interested in its real estate.

The equities of the case are all against the plaintiff, and his motion to continue the special injunction is denied.